

# IN THE
# TENTH COURT OF APPEALS

### No. 10-23-00339-CR

**MATTHEW RAMOS,**

**Appellant**

**v.**

**THE STATE OF TEXAS,**

**Appellee**

**From the 443rd District Court
Ellis County, Texas
Trial Court No. 47980CR**

## MEMORANDUM OPINION

Appellant, Matthew Ramos, pled guilty to one count of improper relationship between educator and student, a second-degree felony. *See* TEX. PENAL CODE ANN. § 21.12. After a punishment hearing, the trial court sentenced Ramos to fifteen years in prison. On appeal, Ramos asserts that his sentence is grossly disproportionate in violation of the United States and Texas Constitutions, and that the judgment should be modified to accurately reflect that Ramos did not waive his right to appeal his sentence.

*See* U.S. CONST. amend. VIII; TEX. CONST. art. I, § 13; TEX. R. APP. P. 43.2(b). We modify

the judgment and affirm as modified.

RAMOS'S GROSSLY DISPROPORTIONATE SENTENCE COMPLAINTS

In his first and second issues on appeal, Ramos contends that his sentence was

"grossly disproportionate to the crimes and inappropriate to the offender" in violation of

the Eighth Amendment to the United States Constitution and article I, section 13 of the

Texas Constitution. *See* U.S. CONST. amend. VIII; TEX. CONST. art. I, § 13.

A disproportionate-sentence claim must be preserved for appellate review. *See*

TEX. R. APP. P. 33.1(a)(1); *Rhoades v. State*, 934 S.W.2d 113, 120 (Tex. Crim. App. 1996)

(noting that constitutional rights, including the right to be free from cruel and unusual

punishment, may be waived); *see also Noland v. State*, 264 S.W.3d 144, 151 (Tex. App.—

Houston [1st Dist.] 2007, pet. ref'd) ("[I]n order to preserve for appellate review a

complaint that a sentence is grossly disproportionate, constituting cruel and unusual

punishment, a defendant must present to the trial court a timely request, objection, or

motion stating the specific grounds for the ruling desired.").

At the punishment hearing, Ramos did not assert his disproportionate-sentence

claim. When asked by the trial court if there was any legal reason why sentence should

not be imposed, counsel stated, "No legal reason, Your Honor." Furthermore, Ramos did

not raise a disproportionate-sentence claim in a motion for new trial or otherwise present

a post-trial objection to the imposed sentence. Therefore, we conclude that Ramos did

not properly preserve his disproportionate-sentence complaints for review. *See* TEX. R.

APP. P. 33.1(a)(1); *Rhoades*, 934 S.W.2d at 120; *see also Noland*, 264 S.W.3d at 151. Accordingly, we overrule Ramos's first and second issues on appeal.

MODIFICATION OF JUDGMENT

In his third issue on appeal, Ramos asserts that the judgment should be reformed to reflect that he did not waive his right to appeal his sentence and that permission to appeal the sentence was granted by the trial court. The State agrees. At Ramos's plea hearing, the trial court explained, "…the plea part you cannot appeal, but you can appeal when we do our sentencing, okay?" Further, the trial court completed two certifications of the defendant's right to appeal. The certification signed July 19, 2023 indicates that Ramos was granted permission to appeal "except for the plea of guilty," and the certification signed September 21, 2023 grants Ramos the right to appeal "for sentencing only."

An appellate court has the authority to reform a judgment to speak the truth when it has the information to do so. TEX. R. APP. P. 43.2(b); *see also Bigley v. State*, 865 S.W.2d 26, 27-28 (Tex. Crim. App. 1993). Therefore, we modify the judgment to reflect that Ramos did not waive his right to appeal his sentence and that the trial court granted Ramos permission to appeal his sentence.

**Conclusion**

Based on the foregoing, we modify the judgment to reflect that Ramos did not waive his right to appeal his sentence and that the trial court granted Ramos permission to appeal his sentence, and we affirm the judgment as modified.

STEVE SMITH
Justice

Before Chief Justice Gray,
         Justice Johnson, and
         Justice Smith
Affirmed as modified
Opinion delivered and filed July 25, 2024
[CR25]

